IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOUIS HENRI DENIS MULDER | CIVIL ACTION |
| Plaintiff, | |
| v. | NO. |
| SMALL BITE, INC., HUB BEHEER B.V., and R.W.G. LINDERS ORTHODONTIST B.V. | |
| Defendants. | |

## VERIFIED COMPLAINT

Plaintiff Louis Henri Denis Mulder ("Plaintiff" and/or "Mulder"), by and through his undersigned counsel, brings this Verified Complaint against Defendants Small Bite, Inc. (the "Company"), Hub Beheer B.V. ("Beheer B.V."), and R.W.G. Linders Orthodontist B.V. ("Linders B.V."; and, collectively with Beheer B.V., "Shareholder Defendants"), and states as follows:

### Nature of Action

1.  Mulder brings this lawsuit as a result of breach of fiduciary duties by his fellow shareholders at the Company, who have engaged in improper conduct to fraudulently transfer the only assets of the Company to another entity they control in The Netherlands. Once the transfer is completed, Mulder, a minority shareholder of the Company who has also worked for the Company as its President/CEO for the past five years, will have no recourse against the Company for salary payments it owes him; and, more importantly, his shares in the Company will become absolutely worthless.

## The Parties

2. Mulder is an adult individual residing at 537 New Gulph Road, Haverford, PA 19041.

3. The Company is a Delaware corporation with a registered address of 1209 Orange Street, Wilmington, DE 19801, having an office located at 537 New Gulph Road, Haverford, PA 19041.

4. Beheer B.V. is a Dutch corporation with its address at Gein-Zuid 41, 1391 JG Abcoude, The Netherlands.

5. Linders B.V. is a Dutch corporation with its address at Maasstraat 14, 5404 ND Uden, The Netherlands.

6. Mulder, Beheer B.V., and Linders B.V. are all shareholders of the Company. Mulder owns 32.5% shares of the common stock in the Company. Beheer B.V. and Linders B.V. collectively own 65% of the shares of the common stock in the Company. The remaining 2.5% shares are owned by Antonie Hermanus Maria Stam, who is not a party to this action.

## Jurisdiction and Venue

7. This Court has subject matter jurisdiction based on diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332. This action is between a citizens of different states and citizens of foreign states within the meaning and intent of 28 U.S.C. § 1332.

8. There is complete diversity of citizenship between the parties to this action pursuant to 28 U.S.C. § 1332 and the amount in controversy exceeds $75,000.00, exclusive of interest and costs of suit.

9. Venue in the United States District Court for the Eastern District of Pennsylvania is proper because the acts giving rise to the controversy took place in this District within the meaning and intent of 28 U.S.C. § 1391.

**The Facts**

10. On or about May 17, 2007, the four shareholders formed the Company to make and commercialize a medical device relating to weight loss. The shareholders believed and continue to believe the device has very promising commercial potentials, especially in the United States. A copy of the stockholders agreement is attached hereto as Exhibit A.

11. As part of his capital contribution, Mulder paid $300,000 into the Company and was issued 325 of shares of the common stock in the Company, representing 32.5% of the total issued and outstanding common stock in the Company. *See* Exhibit A at ¶1(a) and Schedule A.

12. The medical device is novel and useful in achieving weight loss. The device is protected by six (6) patents worldwide, including U.S. Pat. No. 6,138,679 and EP 0902669, which was issued in Italy, United Kingdom, France, The Netherlands, and Germany (collectively, "Patents").

13. The Patents were assigned to the Company. The Patents are the only significant assets of the Company, without which the Company will not survive.

14. Within a few weeks of the formation of the Company, on August 1, 2007, the Company hired Mulder as its President/CEO, which position Mulder maintains as of this date. His job is to run the Company, including the marketing and selling of products and services related to the medical device, protected by the Patents. A copy of the employment agreement is attached hereto as Exhibit B.

15. As part of his compensation, Mulder was to receive, on a bi-monthly basis, a salary of $150,000 per year. *See* Exhibit B at ¶4(a).

**Shareholder Defendants' Scheme to Unlawfully Oust Mulder**

16. For the past five years, Mulder worked hard to prepare for all regulatory requirements and clinical trials for, as well as to commercialize, the medical device in the United States.

17. Mulder was also tasked with preparing commercialization of the medical device and treatment in other countries than the United States.

18. Despite Mulder's dedication to the Company and his fellow shareholders over the years, Shareholder Defendants, who are all located in the Netherlands, began expressing repeatedly since January 2012 that they did not see the need to pay for Mulder's services while acknowledging that his services were needed.

19. Thereafter, starting on February 1, 2012, Shareholders Defendants stopped paying Mulder's salary without terminating his employment agreement. As of the filing of this Verified Complaint, Mulder is owed a salary of $37,500 for the past three months.

20. Shareholder Defendants understand that the failure to pay Mulder's salary constitutes a constructive discharge without cause. *See* Exhibit B at ¶3(a).

21. In such an event of discharge, pursuant to ¶3(a), Mulder is entitled to "six (6) months of Salary, (ii) any unused vacation days accrued as of the termination date, (iii) any unreimbursed business expenses incurred prior to the employment termination date in accordance with the Company's expense reimbursement policy, and (iv) a pro-rata (depending on the month of termination) share of the full incentive which the Executive is eligible to receive

hereunder (if any) for the year in which such employment termination occurs" (collectively, "Termination Wages"). *Id.*

22.  Additionally, other shareholders (i.e., Shareholder Defendants) are required by buy-out Mulder's interest in the Company at a fair market value, which would be at least $300,000, the amount of Mulder's initial monetary contribution to the Company. *See* Exhibit A at ¶6(b).

23.  Rather than paying Mulder a fair market value of his shares in the Company, as required under the stockholders agreement entered among the shareholders, Shareholder Defendants have engaged in a scheme to fraudulently transfer the Company's only assets (i.e., the Patents) to Small Bite B.V., a Dutch corporation they control in the Netherlands.

24.  The effect of the fraudulent transfer is that, by transferring the Company's only assets, the Company would become worthless, which means the fair market value of Mulder's shares in the Company would also become worthless. And, once Mulder's shares become worthless, Shareholder Defendants would no longer need to pay him any money for the shares.

25.  In furtherance of their scheme, shareholders Beheer B.V. and Linders B.V., who collectively own 65% shares of the common stock in the Company, have already voted to transfer the Patents to Small Bite B.V. *without the Company receiving any consideration* for the transfer, which would make the Company insolvent.

26.  Small Bite B.V. is owned by Shareholder Defendants – And, despite their repeated promises to make Mulder a shareholder of this entity, Mulder remains a stranger to the entity as he owns no interest in the entity.

27.  Mulder believes Shareholder Defendants will complete the transfer notwithstanding his "no vote" and in bad faith. Shareholder Defendants are soliciting the only

remaining shareholder who owns 2.5% shares of the common stock in the Company, to vote in their favor. The transfer of the Patents without receiving any consideration is not in the best interest of the Company.

28. The transfer was not approved by the Company's Board of Directors or the majority stockholders at a properly noticed meeting as required under Delaware General Corporation Law § 271.

29. The transfer, therefore, is illegal.

30. Despite the illegality, Mulder believes the transfer will be completed in the next few days.

31. Once the Patents are transferred to Small Bite B.V., the Company will have no assets; the Company will become insolvent.

32. Without the Patents, Mulder's interest in the Company will be worthless, and he will have no remedy against the Company for his back salary payments. More importantly, without the Patents, Mulder will have no remedy against Shareholder Defendants who all reside in the Netherlands.

## COUNT I
## BREACH OF FIDUCIARY DUTY
### (Against Shareholder Defendants)

33. Mulder incorporates herein by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

34. Having collective shares of 65% of the common stock in the Company, Shareholder Defendants have exercised and continue to exercise control of the Company. And, as controlling shareholders of a closely held corporation, Shareholder Defendants owed a fiduciary duty to Mulder, a minority shareholder of the Company.

35. In particular, Shareholder Defendants owed a fiduciary duty to Mulder to treat him with candor, care, loyalty, and good faith.

36. Shareholder Defendants breached their fiduciary duty to Mulder by engaging in the fraudulent transfer of the Patents to Small Bite B.V., the entity they own and control in the Netherlands.

37. Shareholder Defendants' unlawful acts to divert the Company's only assets to their own company were and are continuing intentional breaches of their fiduciary responsibility to Mulder.

38. As a direct result of Shareholder Defendants' breach of their obligations owed to Mulder, he suffered or will suffer significant damages, including the fair market value of his shares in the Company and the loss of future profits from the Company.

WHEREFORE, Plaintiff Mulder demands judgment against each of Shareholder Defendants Beheer B. V. and Linders B.V., jointly and severally, for an award of damages in excess of $300,000, plus interest, costs of suit, punitive damages, and injunctive relief for their breach of fiduciary duty and intentional, willful, wanton and reckless conduct, and for such other relief as the Court deems equitable and just.

## COUNT II
## SHAREHOLDER OPPRESSION
### (Against Shareholder Defendants)

39. Mulder incorporates herein by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

40. Having collective shares of 65% of the common stock in the Company, Shareholder Defendants have exercised and continue to exercise control of the Company. And,

7

as controlling shareholders of a closely held corporation, Shareholder Defendants owed a fiduciary duty to Mulder, a minority shareholder of the Company.

41. In particular, Shareholder Defendants owed a fiduciary duty to Mulder to treat him with fairness and not engage in oppressive conduct.

42. Shareholder Defendants breached their fiduciary duty to Mulder by engaging in oppressive conduct, including the fraudulent transfer of the Patents to Small Bite B.V., the entity they own and control in the Netherlands.

43. Shareholder Defendants' unlawful acts to divert the Company's only assets to their own company were and are continuing intentional breaches of their fiduciary responsibility to Mulder to not engage in oppressive conduct.

44. As a direct result of Shareholder Defendants' breach of their obligations owed to Mulder, he suffered or will suffer significant damages, including the fair market value of his shares in the Company and the loss of future profits from the Company.

WHEREFORE, Plaintiff Mulder demands judgment against each of Shareholder Defendants Beheer B. V. and Linders B.V., jointly and severally, for an award of damages in excess of $300,000, plus interest, costs of suit, punitive damages, and injunctive relief for their breach of fiduciary duty and intentional, willful, wanton and reckless conduct, and for such other relief as the Court deems equitable and just.

### COUNT III
### CIVIL CONSPIRACY
### (Against Shareholder Defendants)

45. Mulder incorporates herein by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

46. During the relevant time period, each of Shareholder Defendants, either directly or indirectly, combined or agreed with intent to defraud, steal from, and/or misappropriate from Mulder by engaging in unlawful means, including, among other things, breach of fiduciary duty, and fraudulent transfer.

47. At all relevant times thereto, Shareholder Defendants acted with intent to cause damages to Mulder by defrauding him and stealing the only assets of the Company by transferring or attempting to transfer the Patents to Small Bite B.V., the entity they own and control in the Netherlands.

48. Shareholder Defendants did, in fact, carry out their conspiracy by engaging in, among other things, the fraudulent transfer of the Patents to their own entity.

49. As a result of Shareholder Defendants' unlawful acts using unlawful means, Mulder suffered irreparable damages.

50. Given that Shareholder Defendants' conspiracy was done knowingly, intentionally, willfully, wantonly and recklessly, Mulder is entitled to an award of punitive damages.

WHEREFORE, Plaintiff Mulder demands judgment against each of Shareholder Defendants Beheer B. V. and Linders B.V., jointly and severally, for an award of damages in excess of $300,000, plus interest, costs of suit, and punitive damages for their breach of fiduciary duty and intentional, willful, wanton and reckless conduct, and for such other relief as the Court deems equitable and just.

## COUNT IV
## FRAUDULENT CONVEYANCE UNDER PENNSYLVANIA UNIFORM FRAUDULENT TRANSFER ACT – 12 Pa.C.S.A. § 5101 *et seq.*
### (Against Shareholder Defendants)

51. Mulder incorporates herein by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

52. Mulder is a creditor under the definitions set forth in Pennsylvania Uniform Fraudulent Transfer Act, 12 Pa.C.S.A. § 5101 *et seq.* He is a creditor to Shareholder Defendants, who are obligated to buy his shares in the Company at a fair market value.

53. Shareholder Defendants have engaged in the fraudulent transfer of the Patents to Small Bite B.V. without receiving any consideration from the entity.

54. The transfer of the Patents was done or will be done for the benefit of Shareholder Defendants and at the detriment of Mulder.

55. The Company did not receive and will not receive any value in exchange for the transfer of the Patents. At the time the transfer was made or will be made, the Company was or will be rendered insolvent as a result of the transfer.

56. Shareholder Defendants orchestrated the transfer to deprive Mulder of his ownership interest in the Company.

57. As a result of Shareholder Defendants' fraudulent transfers, Mulder suffered irreparable damages.

58. Given that Shareholder Defendants' conspiracy was done knowingly, intentionally, willfully, wantonly and recklessly, Mulder entitled to an award of punitive damages.

WHEREFORE, Plaintiff Mulder demands judgment against each of Shareholder Defendants Beheer B. V. and Linders B.V., jointly and severally, for an award of damages in

excess of $300,000, plus interest, costs of suit, and punitive damages for their breach of fiduciary duty and intentional, willful, wanton and reckless conduct, and for such other relief as the Court deems equitable and just.

## COUNT V
## BREACH OF CONTRACT
### (Against Shareholder Defendants)

59. Mulder incorporates herein by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

60. Shareholder Defendants agreed to buy Mulder's shares at a fair market value in the event he was discharged from the Company. *See* Exhibit A at ¶6(b).

61. Mulder was constructively discharged as a result of Shareholder Defendants' failure to pay Mulder's salary for the past three months.

62. As a result of Mulder's constructive discharge, Shareholders Defendants were required to buy Mulder's shares at a fair market value.

63. Despite the requirement, Shareholders Defendants failed to or otherwise refused to buy Mulder's shares at a fair market value.

64. Mulder believes his shares in the Company are worth at least $300,000, the amount of initial monetary capital contribution he made to the Company.

65. As a result of Shareholder Defendants' breach of their obligations, Mulder is damaged in the amount in excess of $300,000.

WHEREFORE, Plaintiff Mulder demands judgment against each of Shareholder Defendants Beheer B. V. and Linders B.V., jointly and severally, for an award of damages in excess of $300,000, plus interest, and costs of suit, and for such other relief as the Court deems equitable and just.

## COUNT VI
## BREACH OF CONTRACT
### (Against the Company)

66. Mulder incorporates herein by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

67. As provided under the employment agreement between the Company and Mulder, Mulder was to receive, on a bi-monthly basis, a salary of $150,000 per year.

68. Mulder has not received his salary for the past three months.

69. Moreover, Shareholder Defendants understand that the failure to pay Mulder's salary constitutes a constructive discharge without cause. *See* Exhibit B at ¶3(a).

70. In such an event of discharge, pursuant to ¶3(a), Mulder is entitled to Termination Wages that exceed $75,000.

71. As a result of the Company's failure to pay his salary for the past three months and Termination Wages, Mulder has suffered damages of at least $112,500.

WHEREFORE, Plaintiff Mulder demands judgment against Small Bite, Inc. for an award of damages for $112,500, plus interest, and costs of suit, and for such other relief as the Court deems equitable and just.

## COUNT VII
## WAGE PAYMENT AND COLLECTION LAW, 43 P.S. § 260.1, ET SEQ.
### (Against the Company)

72. Mulder incorporates herein by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

73. Mulder provided work and labor while working for the Company.

74. The Company received and benefited from the work and labor provided by Mulder.

75. As Mulder's employer, the Company had a duty to pay salaries and/or wages to him.

76. The Company breached that duty by, among others, failing to make his salary payments for the past three months.

77. The Company further breached that duty by, among others, failing to pay Mulder the Termination Wages pursuant to ¶3(a) of the employment agreement.

78. As a result of the Company's failure to pay his salary for the past three months and Termination Wages, Mulder has suffered damages of at least $112,500.

79. The Company's foregoing failure to pay wages to Mulder constitutes a violation of the Wage Payment and Collection Law of the Pennsylvania Statute (WPCL).

80. In addition to such amounts as are currently owed and accruing to Mulder by the Company, pursuant to the WPCL, Mulder is entitled to recover as liquidated damages an amount equal to twenty-five percent of the total amount of wages due to Mulder. *See* 43 P.S. § 260.10.

81. Mulder is also entitled to an award of his reasonable attorneys' fees under the WPCL. *See* 43 P.S. § 260.9a.

WHEREFORE, Plaintiff Mulder demands judgment against Small Bite, Inc. for an award of damages in excess of $112,500, plus other Termination Wages, accruing wages, statutory liquidated damages, interest, costs of suit, and attorneys' fees for its violation of Pennsylvania's Wage Payment & Collection Law, and for such other relief as the Court deems equitable and just.

## COUNT VIII
## INJUNCTIVE RELIEF IN THE FORM OF TEMPORARY RESTRAINTS, PRELIMINARY INJUNCTION, AND PERMANENT INJUNCTION
### (Against the Defendants)

82. Mulder incorporates herein by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

83. For the foregoing reasons set forth more fully above, Mulder seeks injunctive relief in the form of temporary restraints, a preliminary injunction, and a permanent injunction.

WHEREFORE, Plaintiff Mulder demands the entry of injunctive relief against the defendants, including the entry of an order:

(a) Enjoining the defendants, their agents, servants, employees, representatives, those acting in concert with them, and third parties from transferring title, rights, or interest in or to any assets of the Company, including the Patents;

(b) Enjoining the defendants, their agents, servants, employees, representatives, those acting in concert with them, and third parties from using, diverting, disposing, asserting to third parties an interest in, or otherwise taking any action with respect to the Company's assets, including the Patents, in derogation of Mulder's derivative rights in the Company's assets, including Patents; and

(c) For such other relief as the Court deems equitable and just.

Submitted by:

WEIR & PARTNERS LLP

By: _____
Edward T. Kang
Melissa A. Bozeman
The Widener Building, Suite 500
1339 Chestnut Street
Philadelphia, PA 19107
215-665-8181
215-665-8464 (fax)
ekang@weirpartners.com
mbozeman@weirpartners.com
Attorneys for Plaintiff

Dated: April 19, 2012